## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Demarcus Nasson Chaney, | |
| Petitioner, | Case No. 16-cv-3936 (JNE/SER) |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota, | |
| Respondent. | |

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Demarcus Nasson Chaney's ("Chaney") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Amended Petition") [Doc. No. 20]. This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends denying Chaney's Amended Petition.

## I.    FACTUAL BACKGROUND[1]

Chaney is incarcerated at Minnesota Correctional Facility Stillwater ("MCF-Stillwater") after being convicted of first-degree sexual assault and sentenced to 360 months in prison. *See* (Am. Pet. at 3); (State's Mem., "Mem. in Supp. of Answer") [Doc. No. 23 at 1]; *see also Offender Locator,* Minn. Dep't of Corr., https://coms.doc.state.mn.us/PublicViewer (search by "MNDOC Offender ID" and enter 204565) (stating that Chaney is currently incarcerated at MCF-Stillwater) (last visited Oct. 30, 2017); *State v. Chaney*, No. 27-CR-13-24472, *available at*

---

[1]    A complete recitation of the evidence presented at trial can be found in the Minnesota Court of Appeals decision in *State v. Chaney*, No. A14-1513, 2015 WL 5088943, at *1–2 (Minn. Ct. App. Aug. 31, 2015), *review denied* (Minn. Nov. 17, 2015), which is incorporated by reference. The Court focuses on facts herein that are addressed in its analysis.

http://pa.courts.state.mn.us/default.aspx (select "Criminal/Traffic/Petty Case Records" and enter "27-CR-13-24472" into the "Case Number" search field) (docket for Chaney's state criminal proceeding) (last visited Oct. 30, 2017).

At trial, DNA matching Chaney's and evidence obtained from the victim (both from vaginal and fingernail swabs) after an alleged rape was admitted as evidence. *Chaney*, 2015 WL 5088943, at *2. In addition, the victim gave statements to police and testified at trial. *See id.* at *1 ("Shortly after the attack, S.D. gave a statement to the police that was mostly consistent with her statement at the hospital."). The prosecution also offered evidence of Chaney's past convictions for burglary; Chaney objected to that evidence. *Id.* at *2–3. In closing, the prosecution implied that Chaney was a predator and that the jury "should not consider [Chaney's] consent defense." *Id.* at *2. Chaney did not object to these remarks during trial. *Id.* at *6–7.

On appeal to the Minnesota Court of Appeals, Chaney raised five issues: (1) the introduction of *Spreigl* evidence of Chaney's convictions in 2000 "for first-degree burglary and aggravated robbery" was reversible error because "the probative value of the evidence, if any, was outweighed by its potential for unfair prejudice";[2] (2) the prosecutor's "misconduct during closing argument by inflaming the prejudices of the jury and disparaging the defense . . . depriv[ed] Chaney of a fair trial"; (3) the cumulative effect of issues one and two "operated in tandem to portray Chaney as a dangerous predator who attacked vulnerable young people in . . .

---

[2]    "*Spreigl* evidence" is evidence or testimony which "is inadmissible to prove a defendant's propensity to commit the charged offense," but "may be admitted to establish motive, intent, absence of mistake or accident, identity or common scheme or plan." *See State v. Landin*, 472 N.W.2d 854, 859 (Minn.1991) (internal quotation marks omitted); *see also* Minn. R. Evid. 404(b). "To admit *Spreigl* evidence, the trial court must find that (1) the evidence is clear and convincing that the defendant participated in the *Spreigl* incident; (2) the *Spreigl* evidence is relevant and material to the state's case; and (3) the probative value of the *Spreigl* evidence outweighs its potential for unfair prejudice." *Landin*, 472 N.W.2d at 859.

the relatively affluent and safe Uptown area of Minneapolis" and denied "Chaney's right to a fair trial"; (4) "the district court erred by ruling that the state was not required to disclose the victim-witness advocate's notes of her communications with trial witnesses"; (5) "Chaney [was] improperly convicted of two counts of first-degree criminal sexual conduct based on the same criminal act against the same complainant." (App.) [Doc. No. 24 at 50–51].[3]

In arguing his issues on appeal, Chaney relied exclusively on Minnesota Statutes, cases from the Minnesota Supreme Court and the Minnesota Court of Appeals, the Minnesota Rules of Evidence, and the Minnesota Rules of Criminal Procedure. *See* (App. at 50–51, 60–80). That is, in arguing his issues on appeal, Chaney did not assert federal constitutional provisions or federal statutes directly. *See* (*id.* at 60–80). In arguing his fourth issue on appeal, however, Chaney's arguments referenced a federal case. Specifically, Chaney argued that Minnesota Rule of Criminal Procedure 9.01 subdivision 1 "requires a prosecutor to disclose all matters related to the case—not just *Brady* [*v. Maryland*, 373 U.S. 83 (1963)] material—and written summaries of oral statements—not just the substance of oral statements." (*Id.* at 77) (emphasis omitted) (internal quotation marks omitted). In sum, Chaney did not reference a specific federal constitutional right, a particular constitutional provision, or a federal constitutional case when he argued issues one, two, three, and five.

The Minnesota Court of Appeals affirmed the district court. *Chaney*, 2015 WL 5088943, at *10. Specifically, the court of appeals found that the district court abused its discretion in the admission of *Spreigl* evidence and that prosecution committed misconduct in its closing arguments. *Id.* at *3–7. The court of appeals nonetheless found these errors harmless. *Id.* at *5–9. Specifically, with respect to the admission of *Spreigl* evidence, the court of appeals concluded

---

[3]    When referencing the Appendix, CM/ECF pagination is used.

3

there "is [no] reasonable possibility that the wrongfully admitted evidence significantly affected the verdict." *Id.* at *6. Furthermore, the court of appeals concluded that the alleged prosecutorial misconduct "did not affect appellant's substantial rights." *Id.* at *6–8. The court of appeals also held that cumulative effect of these harmless errors did not require a new trial in light of the overall strength of the evidence. *Id.* at *9; *see also id.* at *8 ("This is not a 'whodunit.' The DNA confirms that appellant had intercourse with S.D. The physical evidence (scratches and bruises) and S.D.'s testimony, emotional state, and consistent statements to multiple people all provided the jury with compelling evidence that she did not consent to sexual intercourse with appellant.").

In his petition for review to the Minnesota Supreme Court, Chaney raised four issues: (1) "the prosecutor commit[ed] prejudicial misconduct by arguing in closing that Chaney, an African-American male, was a 'predator'"; (2) the admission of "irrelevant and prejudicial *Spreigl* evidence regarding" Chaney's convictions in 2000 "for first-degree burglary and aggravated robbery" warranted a new trial; (3) "the cumulative effect of the wrongfully-admitted *Spreigl* evidence and prosecutorial misconduct . . . deprive[d] Chaney of a fair trial"; (4) "remand [is] required because the state failed to disclose the victim-witness advocate's **notes** of her communications with trial witnesses, as required by Minn. R. Crim. P. 9.01, subd. 1(2)(b)." (App. at 173–74). The Minnesota Supreme Court denied review on November 17, 2015.[4] (App. at 209).

---

[4]    Because the Minnesota Supreme Court denied review, the Minnesota Court of Appeal's decision is the final decision for the purposes of the Court's review. *See Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) ("We can review, however, only judgments of a state court of last resort or of a lower state court if the state court of last resort has denied discretionary review." (internal quotation marks omitted)).

Chaney did not file *pro se* briefs with either the Minnesota Court of Appeals or the Minnesota Supreme Court. *See Chaney v. State*, No. A14-1513, *available at* http://macsnc.courts.state.mn.us/ctrack/publicLogin.jsp (search for cases by case number "A14-1513" and de-select "Exclude Closed/Archived") (last visited Oct. 30, 2017). Furthermore, there is nothing in the record to suggest that Chaney filed a petition for postconviction relief as of the date of this Report and Recommendation.

In his Amended Petition,[5] Chaney raises three broad claims for habeas relief: (1) prosecutorial misconduct deprived "Chaney of fundamental fairness and sufficient due process"; (2) the *Spreigl* standard is inadequate to protect his constitutional rights; and (3) the State's failure to disclose certain information violated Chaney's due process rights. (Am. Pet. at 2, 9, 15, 17). Specifically, Chaney asserts: that the prosecutor's use of racially charged language and other characterizations deprived him of impartial jury protections under the Sixth Amendment; the *Spreigl* standard applied by Minnesota state courts violated his federal constitutional rights to a fair trial; and the prosecution's failure "to disclose victim-witness advocate notes of

---

[5] Chaney's original Petition was timely filed. *See* (Pet. for Habaes Corpus Pursuant to 28 U.S.C. § 2254, "Pet.") [Doc. No. 1] (mailed on November 16, 2016 and was received on November 17, 2016); *see also* 28 U.S.C. § 2244(d) (establishing a one-year statute of limitations for habeas corpus petitions filed by state prisoners); (App. at 209) (Minnesota Supreme Court declining review on November 17, 2015). Chaney's Amended Petition raises the same general issues as his original Petition, but couches the arguments of these issues more squarely as federal constitutional violations. *Compare* (Pet. at 5–9) (relying primarily on state-law grounds with reference to a few federal cases), *with* (Am. Pet. at 7–17) (asserting federal statutes, cases, and the United States Constitution in arguing for habeas relief); *see also* (Pet. at 2–3) (raising the same broad issues albeit in a slightly different order). Furthermore—in each pleading—the common core of operative facts regarding the alleged misconduct during Chaney's trial has remained the same. *Compare* (Pet. at 5–9) (raising alleged incidents of misconduct during trial to support his original Petition), *with* (Am. Pet. at 9–17) (raising the same alleged incidents of misconduct to support his Amended Petition). As a result, this Court concludes that his Amended Petition relates back to the timely filed original Petition. *See Mayle v. Felix*, 545 U.S. 644, 664 (2005) ("So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order.").

communication with trial witnesses" violated his due process rights. (*Id.* at 9–17). At bottom, Chaney asserts the cumulative effect of the evidentiary errors and prosecutorial misconduct deprived him of his due process rights under the Fourteenth Amendment. *See* (*id.* at 9, 13–14).

Respondent filed an Answer to Chaney's Amended Petition. *See* (Text Only Order Dated Jan. 1, 2017) [Doc. No. 19] (establishing briefing schedule for Chaney's Amended Petition); *see also* (State's Answer to Pet. for Writ of Habeas Corpus, "Answer") [Doc. No. 22]; (Mem. in Supp. of Answer). Generally, Respondent argues that Chaney's claims are procedurally defaulted.[6] (Mem. in Supp. of Answer at 6–10). For example, Respondent argues that Chaney "failed to present to the state courts the factual and legal premises" that he now raises in his federal petition, nor were these claims raised at the state level "couch[ed] . . . in terms of due process, any particular constitutional provision, any federal cases, or any state cases that discuss [these] state issue[s] as . . . question[s] of federal law." (*Id.* at 8–9). Likewise, Respondent argues that Chaney's briefing in state court "does not refer to the constitutional right to due process, to any particular constitutional provision, to any federal cases, or to [any] state case[s] that discuss" the alleged violated state rules of evidence as federal constitutional issues. (*Id.* at 9–10).

Respondent also argues that at least some of Chaney's claims are procedurally defaulted for the additional reason that Cheney never raised these issues at trial, which Respondent argues necessitates a finding of procedural default in the Eighth Circuit. *See* (*id.* at 7–8) (citing *Clark v. Bertsch*, 780 F.3d 873, 876 (8th Cir. 2015)). Alternatively, Respondent argues that Chaney's Amended Petition should be dismissed on the merits. *See* (*id.* at 11–23) (asserting the decision

---

[6]     Because procedural default can only occur when claims for relief are unexhausted, the Court understands Respondent's argument to be that Chaney's claims remain unexhausted and are procedurally defaulted on the basis of the application of Minnesota procedural rules. *See Murphy v. King*, 652 F.3d 845, 848–50 (8th Cir. 2011); *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th. Cir. 2005).

by the Minnesota Court of Appeals was not "'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" (quoting 28 U.S.C. § 2254(d)(1)).

Chaney was provided with an opportunity to reply, but did not reply to Respondent's Answer. *See* (Text Only Order Dated Jan. 4, 2017) [Doc. No. 19] ("Petitioner may file a reply on or before 5/4/2017. Thereafter, no further submissions from either party will be permitted, except as expressly authorized by Court order.").

## II.    DISCUSSION

Chaney is not entitled to habeas relief. First, the only claims in Chaney's Amended Petition that arguably sound in federal habeas are whether prosecutorial misconduct deprived him "of fundamental fairness and sufficient due process" and whether the admission of *Spreigl* evidence deprived him of federal constitutional rights.[7] *See* (Am. Pet. at 2, 9–12). In particular, Chaney's claim in his Amended Petition that the racially charged nature of the prosecution infected the trial and deprived Chaney of his due process rights and right to a fair trial under the Sixth and Fourteenth Amendments is a cognizable claim in federal court. Nevertheless, Chaney did not preserve his prosecutorial misconduct claim, and it is procedurally defaulted under *Clark*. *See* 780 F.3d at 875–76 (describing an unobjected-to alleged error as a procedurally defaulted claim). Second, Chaney's arguably exhausted *Spreigl* claim does not warrant habeas relief because the court of appeal's decision was not objectively unreasonable and therefore does not warrant habeas relief.

Third, because Chaney's remaining claims that the State's failure to disclose the victim-witness advocate's notes and the cumulative effect of alleged misconduct at trial deprived him of

---

[7]    As will be described in more detail below, whether Chaney exhausted his *Spreigl* claim is debatable, but the Court considers it exhausted out of an abundance of caution.

his rights under the Fourteenth Amendment remain unexhausted, those unexhausted claims are procedurally defaulted in light of *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976). *See Murray v. Hvass*, 269 F.3d 896, 899 (8th Cir. 2001) ("But the general rule in Minnesota, as we have said, is that 'where [a] direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief.'" (quoting *Knaffla*, 243 N.W.2d at 741) (alternation in original)). Therefore, those unexhausted and procedurally defaulted claims should be dismissed. *Id.* at 900.

### A.    Legal Standard

An application for writ of habeas corpus is only available to those in custody that exhaust their available state remedies. *See* 28 U.S.C. § 2254(b)–(c). Exhaustion is a federal requirement that "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). As a result, "state prisoners must give the state courts one full opportunity to resolve any [federal] constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* Stated differently:

> [b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted) (internal quotation marks omitted). Fair presentation of a claim occurs when "the state court rules on the merits of his claims, or if [the petitioner] presents his claims in a manner that entitles him to a ruling on the merits." *Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). That is, "[i]n order to fairly present a federal claim to the state courts, the petitioner

must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a **state case raising a pertinent federal constitutional issue in a claim before the state courts**." *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) (emphasis added) (internal quotation marks omitted).

In situations where a claim is unexhausted, but no state court remedy exists (because, e.g., procedural rules would prevent further attempts at exhaustion), the claim is also considered procedurally defaulted. *See, e.g.*, *Murphy*, 652 F.3d at 848–50 (holding that petitioner procedurally defaulted on his Eight Amendment claims because they were not properly raised in state court and were therefore barred under *Knaffla*). Whether a petitioner procedurally defaults his federal habeas claim is a question of state law. *See Armstrong v. Iowa*, 418 F.3d 924, 926 (8th. Cir. 2005) (stating that "if no state court remedy is available for the unexhausted claim" federal courts cannot conduct "review of the defaulted claim" (internal quotation marks omitted)). As a result, when a claim is procedurally defaulted, federal courts are prevented from adjudicating the claim on the merits unless a petitioner can demonstrate cause and prejudice, "or demonstrate[s] that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (internal quotation marks omitted).

In situations where a federal habeas claim before a federal court is properly asserted, relief should not be granted unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1).[8] That is, the question becomes "whether the state court's

---

[8]     28 U.S.C. § 2254(d)(2) also allows for relief when the challenged decision was "based on an unreasonable determination of the facts in light of the evidence presented." Chaney, however, does not specifically raise this ground for relief. *See* (Am. Pet. at 7–8). Even if Chaney had framed his Amended Petition in this way, as described below, the challenged conviction was not unreasonable in light of the evidenced presented.

application of clearly established federal law was objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409 (2000). This is a deferential standard; the federal court "must deny a writ— even if we disagree with the state court's decision—so long as that decision is reasonable in view of all the circumstances." *May v. Iowa*, 251 F.3d 713, 716 (8th Cir. 2001) (citing *Williams*, 529 U.S. at 409–13).

### B.    Analysis

As an initial matter, the Court first addresses Respondent's argument that because Chaney failed to preserve his prosecutorial misconduct at trial, application of *Clark* bars review of these claims because they are procedurally defaulted. *See* (State's Mem. at 7–8).

As mentioned above, Chaney did not object to the alleged prosecutorial misconduct at trial. *See Chaney*, 2015 WL 5088943, at *6–7. The Minnesota Court of Appeals resolved the unpreserved error under Minnesota's doctrine of plain error review. *See id.*; *see also State v. Ramey*, 721 N.W.2d 294, 297–99 (Minn. 2006). In particular, the Minnesota Supreme Court in *Ramey* stated

> Applying the plain error doctrine encourages defendants to object at trial, which is preferred because the district court is in an unique position to determine what actions constitute prosecutorial misconduct. When a defendant does not make a contemporaneous objection, the district court does not have the opportunity to rule on the misconduct or make a determination as to whether a corrective instruction is required or appropriate. Defendants should be encouraged to object at trial because objections provide the trial court an opportunity to prevent or cure the effects of alleged prosecutorial misconduct.

This procedurally defaults Chaney's ground for federal habeas relief on the basis of his unpreserved prosecutorial misconduct allegation because "the state court resolved . . . [Chaney's] claim by applying the state's" plain error doctrine regarding unpreserved challenges to prosecutorial misconduct, "and the test for independence is met." *See Kaczmarerk*, 627 F.3d at 592; *see also Clark*, 780 F.3d at 874; *Ramey* 721 N.W.2d at 297–99. In other words, the

Minnesota Court of Appeals "refuse[d] to reach the merits of a petitioner's federal claims because they were not raised in accord with the state's procedural rules (i.e., because the petitioner failed to contemporaneously object)." *Kaczmarek*, 627 F.3d at 591. As a result, "that decision rests on independent . . . state procedural grounds." *Id.*

Nevertheless, "[a] state procedural rule is adequate only if it is a 'firmly established and regularly followed state practice.'" *Barnett v. Roper*, 541 F.3d 804, 808 (8th Cir. 2008) (quoting *James v. Kentucky*, 466 U.S. 341, 348–49 (1984)). Here, Minnesota has consistently applied plain error review to unpreserved challenges of prosecutorial misconduct. *See Ramey* 721 N.W.2d at 298. Specifically, in *Ramey* the court recounted the use of plain error review as follows

> In 1998, we decided *State v. Griller*, which clarified the plain error analysis. 583 N.W.2d 736 (Minn. 1998) . . . . Since *Griller* was decided, and particularly in the last few years, we have most often applied the plain error doctrine, rather than the *Caron* standard, when reviewing cases involving unobjected-to prosecutorial misconduct. By contrast, the *Caron* standard has mainly been limited to cases involving objected-to prosecutorial misconduct since the late 1990s. *See, e.g.*, *State v. Cabrera*, 700 N.W.2d 469, 473–75 (Minn.2005) (applying the *Caron* standard to objected-to prosecutorial misconduct).

*Ramey*, 721 N.W.2d at 298. In other words, *Ramey* discussed two lines of cases that have been applied consistently in different circumstances: *Griller* and its progeny for unobjected-to prosecutorial misconduct and *Caron* and its progeny for objected-to prosecutorial misconduct. *Id.* As a result, the Court concludes that Chaney's grounds for habeas relief premised on unpreserved errors of prosecutorial misconduct at trial are procedurally defaulted. *See Clark*, 780 F.3d at 874; *Ramey* 721 N.W.2d at 297–99.

For Chaney's procedural default to be excused, he must "demonstrate cause and prejudice for the default." *Armstrong*, 418 F.3d at 926 (internal quotation marks omitted). Here, Chaney failed to reply to Respondent's arguments that Chaney procedurally defaulted his federal

claims and at no other point does Chaney provide any reasons as to why his procedural default should be excused. Because the Court cannot independently identify any cause or prejudice excusing the procedural default, and because Chaney has not argued reasons that would demonstrate cause and prejudice for the default, his unpreserved prosecutorial misconduct claims are procedurally defaulted. *Id.*; *see also Clark*, 780 F.3d at 874; *Ramey* 721 N.W.2d at 297–99.

The Court next addresses which of Chaney's remaining habeas claims are exhausted. For those exhausted claims, the Court then determines that Chaney is not entitled to relief on the merits. For the unexhausted claims, the Court finds that these claims are procedurally defaulted and should be dismissed. As a result, the Court recommends that Chaney's Amended Petition be denied.

### 1.    Exhaustion

#### a.    Minnesota Court of Appeals

As described above, Chaney argued five issues before the Minnesota Court of Appeals: (1) the introduction of *Spreigl* evidence of Chaney's convictions in 2000 "for first-degree burglary and aggravated robbery" was reversible error because "the probative value of the evidence, if any, was outweighed by its potential for unfair prejudice"; (2) the prosecutor's "misconduct during closing argument by inflaming the prejudices of the jury and disparaging the defense . . . depriv[ed] Chaney of a fair trial"; (3) the cumulative effect of issues one and two "operated in tandem to portray Chaney as a dangerous predator who attacked vulnerable young people in . . . the relatively affluent and safe Uptown area of Minneapolis" and denied "Chaney's right to a fair trial"; (4) "the district court erred by ruling that the state was not required to disclose the victim-witness advocate's notes of her communications with trial witnesses"; (5) "Chaney [was] improperly convicted of two counts of first-degree criminal sexual conduct based

on the same criminal act against the same complainant." (App. at 50–51). Chaney's arguments before the Minnesota Court of Appeals regarding issues one, two, three, and five on direct appeal do not facially assert "a specific federal constitutional right, a particular constitutional provision, [or] a federal constitutional case." *McCall*, 114 F.3d at 757 (8th Cir. 1997) (internal quotation marks omitted). In particular, these issues are couched in language raising challenges under Minnesota statutes, Minnesota cases, Minnesota Rules of Evidence, and Minnesota Rules of Criminal Procedure. *See* (App. at 50–51, 60–75, 79–80).

The only language that resembles a federal issue in Chaney's first four issues[9] argued before the Minnesota Court of Appeals is whether Chaney was provided a fair trial. *See, e.g.*, (*id.* at 60) (arguing in support of issue one that admission of *Spreigl* evidence resulted in unfair prejudice); (*id.* at 69) (asserting in support of issue two that a prosecutor "has an obligation to ensure that a defendant receives a fair trial"); (*id.* at 75) (arguing in support of issue three that the cumulative effect of the errors deprived Chaney of a fair trial); (*id.* at 77) (arguing in support of issue four that the State's failure to disclose victim-witness advocate's notes was prejudicial). General allegations that errors deprived Chaney of a "fair trial," however, are insufficient to fairly present federal constitutional issues.[10] *See Thomas v. Wyrick*, 622 F.2d 411, 413 (8th Cir. 1980) ("The reference in Thomas's brief in the Court of Appeals of Missouri to denial of a fair

---

[9]    The Court does not consider whether "Chaney [was] improperly convicted of two counts of first-degree criminal sexual conduct based on the same criminal act against the same complainant" because it was never argued before the Minnesota Supreme Court and was therefore never fairly presented on appeal. *Baldwin*, 541 U.S. at 29; *see also* (App. at 176–80) (arguments before the Minnesota Supreme Court).

[10]    Likewise, any general allegations related to "due process" do not fairly present federal constitutional issues. *See Mussehl v. Zanders*, No. 09-cv-2376 (PAM/SRN), 2010 WL 3893829, at *2 (D. Minn. Sept. 28, 2010) (Magnuson, J.) ("Merely mentioning the right to due process and presenting 'all of the facts on which [Petitioner's] claim would later be based' is not sufficient. *Thomas*, 622 F.2d at 413." (alteration in original)).

trial, without citation to any provision of the Federal Constitution or to any federal case, was not a sufficient presentation of the federal constitutional issue.").

To the extent that Chaney's arguments of issue four before the Minnesota Court of Appeals referenced *Brady*, these arguments are not sufficient to fairly present a federal issue. *See* (App. at 77). Specifically, Chaney argues that the Minnesota Rules of Criminal Procedure requires disclosure above and beyond the constitutional floor articulated in *Brady*. *See* (*id.*) (stating that Minnesota Rule of Criminal Procedure 9.01, subdivision 1 "requires a prosecutor to disclose all matters related to the case—not just *Brady* material—and written summaries of oral statements—not just the substance of oral statements" (emphasis omitted) (internal quotation marks omitted)). Chaney never argued before the Minnesota Court of Appeals that the prosecutor's conduct was a violation under *Brady*. Rather, Chaney argued that the prosecutor's conduct was a violation of the heightened Minnesota standard espoused in Minnesota Rules of Criminal Procedure 9.01, subdivision 1. *See* (*id.*). In other words, "[Chaney] relied solely on state law grounds—namely, that the trial court misapplied Minnesota's [rules] and case law on point. [Chaney] did not specifically assert a due process violation, refer to the United States Constitution, or cite a relevant federal constitutional case" in support of his arguments before the Minnesota Court of Appeals. *See Carney v. Fabian*, 487 F.3d 1094, 1096–97 (8th Cir. 2007).

In light of the above analysis, Chaney's arguments before the Minnesota Court of Appeals do not facially alert the court of appeals to the federal nature of any of Chaney's claims. Therefore, in order for him to have exhausted any of his claims, Chaney must have asserted "a state case raising a pertinent federal constitutional issue in a claim before the state courts." *See McCall*, 114 F.3d at 757 (internal quotation marks omitted).

To the extent that Chaney cited state court cases that apply federal law, the referenced federal cases stand for propositions or otherwise address federal issues that are unrelated to Chaney's Amended Petition raising claims under the Sixth and Fourteenth Amendments—with one important exception. *See, e.g.*, (App. at 51, 63, 73, 79) (citing *State v. Litzau*, 650 N.W.2d 177, 184 (Minn. 2002); *State v. Pflepsen*, 590 N.W.2d 759, 766 (Minn. 1999); *State v. Wermerskirchen*, 497 N.W.2d 235, 240 (Minn. 1993));[11] *see also* (Am. Pet.).

*State v. Varner*, 643 N.W.2d 298 (Minn. 2002), however, appears to be the exception.[12] Specifically, Chaney cited *Varner* and asserted "the prosecutor's 'predator-prey' argument raised

---

[11]   *Litzau* references federal cases when discussing whether the admission of hearsay evidence "implicates constitutional concerns" in light of the "right to challenge the declarant's statements in cross-examination." 650 N.W.2d at 182–83.

   *Plepsen* references *Alabama v. Smith*, 490 U.S. 794, 798 (1989), when discussing the dangers of imposing a sentence on remand. 590 N.W.2d at 768–69.

   *Wermerskirchen* references *United States v. Brown*, 547 F.2d 438 (8th Cir. 1977), which addressed whether re-litigating certain issues was collaterally estopped because of the Fifth Amendment protections against double jeopardy. 497 N.W.2d at 243 n.4.

[12]   Chaney's Amended Petition references a few other cases that warrant discussion. *State v. Miller*, 754 N.W.2d 686, 706 (Minn. 2008), discusses *Brady* in the context of whether failing to provide the full criminal record of a testifying witness for impeachment purposes is a *Brady* violation. Chaney's arguments before the Minnesota Court of Appeals are not directed to this issue nor is Chaney's Amended Petition challenging the prosecutor's failure to disclose on this basis. *See* (Am. Pet. at 17); (App. at 76–78). Furthermore, Chaney does not reference *Miller* in his petition for review before the Minnesota Supreme Court. *See generally* (App. at 172–80). Thus, *Miller* does not provide an avenue for Chaney to have fairly presented his federal claim that failure to disclose information was a due process violation. *See Baldwin*, 541 U.S. at 29 (requiring that arguments must be fairly present at all levels of the state-court-appellate process)

   *State v. Harris*, 521 N.W.2d 348, 355 (Minn. 1994), was cited in support of the proposition that the strength of the evidence cannot deprive a defendant of the right to a fair trial. *See* (App. at 67). *Harris* also references *United States v. Kandiel*, 865 F.2d 967, 972–73 (8th Cir. 1989), when discussing the application of Minnesota Rules of Evidence 404(b). *See Harris*, 521 N.W.2d at 354. Chaney raises a similar argument in his *Spreigl* argument before the Minnesota Court of Appeals. *See* (App. at 50, 60–68). Before the Minnesota Supreme Court, however, *Harris* is referenced only in passing and again for the proposition that the strength of the evidence "does not eliminate a defendant's right to a fair trial." (App. at 179) (internal quotation marks omitted) (including a reference to *Harris* in a citing parenthetical). Given the arguments raised before the state courts, it is arguable whether *Harris* fairly presents the federal nature of Chaney's *Spreigl* challenge. Nevertheless, as will be described in more detail below, even if

serious questions of possible prejudice implicating Chaney's **due process right to a fair trial**."

(App. at 71 n.4) (emphasis added). *Varner* stated:

> Criminal defendants have due process rights to a fair trial and an impartial jury. U.S. Const. amends. VI, XIV; Minn. Const. art. I §§ 6, 7; *State v. Bowles*, 530 N.W.2d 521, 536 (Minn. 1995). The exposure of a jury to potentially prejudicial material creates a problem of constitutional magnitude, because it deprives a defendant of the right to an impartial jury . . . .

643 N.W.2d at 304 (internal quotation marks omitted). Given the language in *Varner*, Chaney

appears to have cited "a state case raising a pertinent federal constitutional issue in a claim

before the state courts." *McCall*, 114 F.3d at 757 (internal quotation marks omitted).

Nevertheless, *Varner* was asserted in support of his unpreserved error regarding the prosecutorial

misconduct during closing arguments. As described above, this procedurally defaults this issue

because "the state court resolved [Chaney's] claim by applying the state's" plain error doctrine

regarding unpreserved challenges to prosecutorial misconduct, "and the test for independence is

met." *See Kaczmarerk*, 627 F.3d at 592; *see also Clark*, 780 F.3d at 874; *Ramey* 721 N.W.2d at

297–99.

Chaney's related claim that the cumulative effect of the alleged errors deprived him of his

federal constitutional rights to a fair trial (which arguably touches on his exhausted claim related

to the unpreserved prosecutorial misconduct claim) was not fairly presented, however. For

example, Chaney's cumulative-effect argument before the Minnesota Court of Appeals is not

premised on an application of *Varner*. *See* (App. at 75). And none of the other cases that are

cited by Chaney in his arguments before the Minnesota Court of Appeals address the federal

issues that Chaney now raises. *See* (*id.*) (citing *State v. Keeton*, 589 N.W.2d 85, 91 (Minn. 1988);

---

*Harris* fairly presented this aspect of Chaney's Amended Petition, he would not be entitled to relief on the merits.

*State v. Houston*, 654 N.W.2d 727, 737 (Minn. Ct. App. 2003)).[13] None of Chaney's other arguments before the Minnesota Court of Appeals are based on applications of federal law. As a result, none of Chaney's other claims for federal habeas relief were fairly presented because the Minnesota Court of Appeals was not alerted to the federal nature of any of Chaney's other claims before it.

Even though Chaney had fairly presented his grounds for federal habeas relief before the Minnesota Court of Appeals, fair presentation requires more than just presentation before a court of appeals. *See Baldwin*, 541 U.S. at 29 (stating "the prisoner must 'fairly present' his claim in each appropriate state court . . . , thereby alerting that court to the federal nature of the claim"). The Court, therefore, must also determine whether the claims argued before the Minnesota Court of Appeals were also fairly presented to the Minnesota Supreme Court. *Id.*

### b.    Minnesota Supreme Court

With respect to Chaney's claim in his habeas petition that the State's failure "to disclose victim-witness advocate['s] notes" violated his "due process and fair trial rights," to the extent this claim can be construed to have been fairly presented to the Minnesota Court of Appeals, his failure to fairly present it before the Minnesota Supreme Court means this claim remains

---

[13]    *Keeton* mentions federal law in the context of the right to be present. *See* 589 N.W.2d at 87 ("The United States Supreme Court has recognized that the right to be present under Fed. R. Crim. P. 43 is broader than the right to be present under the federal constitution."). *Keeton's* cumulative effect analysis, however, does not mention relevant federal law. *See id.* at 91. In particular, *Keeton* references *Sullivan v. Louisiana*, 508 U.S. 275, 279 (1993), which addressed "whether a constitutionally deficient reasonable-doubt instruction may be harmless error." *Sullivan*, 508 U.S. 275 at 276; *see also Keeton*, 589 N.W.2d at 91 n.24. *Sullivan* does not discuss whether cumulative errors could rise to a federal constitutional violation.

*Houston* references federal cases that discuss the differences between possession and fleeting control of a firearm and aspects of *Miranda v. Arizona*, 384 U.S. 436 (1966), *Terry v. Ohio*, 392 U.S. 1 (1968), and their progeny. *See* N.W.2d 727, 731–35. *Houston's* cumulative effect analysis also does not mention relevant federal law. *See* 654 N.W.2d at 737 (citing only *Keeton*, 589 N.W.2d at 91).

unexhausted. *See* (Am. Pet. at 2, 17); *see also Baldwin*, 541 U.S. at 29. Specifically, Chaney argued only three of his issues presented before the Minnesota Court of Appeals in his petition for review by the Minnesota Supreme Court: (1) "the prosecutor commit[ed] prejudicial misconduct by arguing in closing that Chaney, an African-American male, was a 'predator'"; (2) the admission of "irrelevant and prejudicial *Spreigl* evidence regarding Chaney's . . . convictions for first-degree burglary and aggravated robbery" warranted a new trial; and (3) "the cumulative effect of the wrongfully-admitted *Spreigl* evidence and prosecutorial misconduct . . . deprive[d] Chaney of a fair trial." *See* (App. at 173–74, 176–80).

Furthermore, as described above, Chaney did not alert the Minnesota Supreme Court of the federal nature of the State's failure to disclose the victim-witness advocate's notes because the violation of Minnesota Rules of Criminal Procedure 9.01, subdivision 1(2)(b) is inherently a state issue. That is, a violation of Minnesota Rules of Criminal Procedure 9.01, subdivision 1(2)(b) does not necessarily implicate a *Brady* violation and the manner in which Chaney argued this issue before the Minnesota Supreme Court failed to fairly present the federal nature of Chaney's allegation that the State's failure "to disclose victim-witness advocate notes" violated his "due process and fair trial rights" and this claim remains unexhausted. *See* (Am. Pet. at 2, 17); (App. at 174–75); *see also Baldwin*, 541 U.S. at 29.

As a result, the Court concludes that Chaney's preserved claims for federal habeas relief remain unexhausted because they were not fairly presented to the Minnesota state courts.[14]

---

[14]     As will be discussed below, Chaney's unexhausted claims are also procedurally defaulted. As a result, the Court need not consider whether to follow the "'stay and abeyance'" procedure described in *Rhines v. Weber*, [544 U.S. 259 (2005)]" to a petition asserting exhausted and unexhausted claims. *See Armstrong*, 418 F.3d at 926; *see also Krieger v. Minnesota*, No. 13-cv-1942 (JRT/HB), 2014 WL 7771778, at *1 (D. Minn. Sept. 5, 2014) (Bowbeer, Mag. J.) ("The 'stay and abeyance' procedure, however, does not apply when the claims are procedurally defaulted."), *adopted by* 2015 WL 470811 (Feb. 4, 2015) (Tunheim, J.); *Bobo v. Reiser*, No. 10-

### 2.    Merits of Chaney's Exhausted Claim

There is nothing to suggest that the Minnesota Court of Appeal's decision regarding the affirmation of Chaney's conviction is "contrary to, or involved an unreasonable application of, clearly established Federal law." *See* 28 U.S.C. § 2254(d)(1). Out of an abundance of caution, the Court addresses Chaney's arguments directed to the admission of *Spreigl* evidence, notwithstanding its belief that this claim is unexhausted and procedurally defaulted.

Even if Chaney had exhausted his *Spreigl* claim in a manner that entitled him to review on the merits, Chaney has not presented his claim in a way that would entitle him to relief. In *Welton v. Smith*, Judge Montgomery discussed a *Spreigl* challenge in the context of a federal habeas petition, stating

> "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). To be successful here, [Chaney] must show a violation of a clearly established Supreme Court precedent. *See Evenstad v. Carlson*, 470 F.3d 777, 783 (8th Cir. 2006).

No. 14-cv-3044 (ADM/HB), 2016 WL 389962, at *3 (D. Minn. Feb. 1, 2016) (Montgomery, J.). Chaney's arguments are ultimately unpersuasive. Importantly, Chaney's arguments are not premised on Supreme Court precedent. *See* (Am. Pet. at 15–16) (citing to Chief Justice Warren's concurrence and dissent in *Spencer v. State of Tex.*, 385 U.S. 554 (1967), and Justice O'Connor's concurrence and dissent in *Estelle*). At bottom, Chaney's arguments "[do] not demonstrate a violation of Supreme Court precedent because it is well-established that admissibility of such evidence is within the discretion of a trial judge. *See Lego v. Twomey*, 404 U.S. 477, 490

---

cv-3296 (JNE/LIB), 2010 WL 5441942, at *1 (D. Minn. Dec. 28, 2010) (Ericksen, J.) (denying petitioner's request for a stay because petitioner "has not demonstrated good cause for his failure to exhaust all of his claims in state court").

(1972)." *Welton*, 2016 WL 389962, at *3. As a result, he is not entitled to habeas relief on this claim. *Id.*

### 3.    Procedural Default

To the extent Chaney's claims are unexhausted, they are also procedurally defaulted. In particular, the Minnesota Supreme Court declined review on November 17, 2015. (App. at 209). Under Minnesota law, Chaney has two years in which to file a petition for postconviction relief. *See* Minn. Stat. § 590.01, subdiv 4. Under *Knaffla*, however, "where [a] direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." 243 N.W.2d at 741. In other words, "a petition for postconviction relief raising claims that were raised on direct appeal, or were known or should have been known but were not raised at the time of the direct appeal, are procedurally barred." *Anderson v. State*, 830 N.W.2d 1, 8 (Minn. 2013). "This rule has been consistently followed by Minnesota courts for more than twenty years." *Murray*, 269 F.3d at 899. Chaney's federal claims for habeas relief are essentially identical to his state claims. Importantly, Chaney argued the same issues on direct appeal; the only difference is that his issues were couched as state issues before the state courts and federal issues in federal court. *Compare, e.g.*, (App. at 60–68) (arguing the admission of *Spreigl* evidence was in violation of Minn. R. Evid. 404(b) and contrary to Minnesota Supreme Court precedent), *with* (Am. Pet at 15–17) (arguing that the admission of *Spreigl* evidence deprived Chaney of his federal constitutional rights). Chaney's change of focus from alleged state violations to federal violations is inconsequential under a *Knaffla* analysis. *See Lynch v. State*, 749 N.W.2d 318, 321–22 (Minn. 2008) (holding that the assertion of federal violations in postconviction proceedings where only state violations were

argued on direct appeal does not circumvent *Knaffla's* bar against claims that should have been raised on direct appeal). Specifically, in *Lynch*,

> Lynch state[d] that on direct appeal, he sought relief on the grounds that the state failed to disclose inducements of Witnesses to the Grand Jury. Lynch assert[ed] that his current claim is different in that he now claims that the State violated [his] Federal Right to Due Process under the Fifth and Fourteenth Amendments and a Fair Trial under the Sixth Amendment of the United States Constitution when [the State] knowingly used perjured testimony to obtain [Lynch's] conviction.

749 N.W.2d at 321 (third, fourth and fifth alterations in original) (internal quotation marks omitted). The Minnesota Supreme Court found this argument unpersuasive. *Id.* Specifically, the court stated that "[b]oth the direct appeal claim and the postconviction claim involve the same issue of whether the indictment should have been dismissed because of the State's failure to disclose to the grand jury inducements given to State witnesses" and concluded "that Lynch's claim that the indictment should have been dismissed has already been raised, litigated, and decided on direct appeal; therefore, it is barred by *Knaffla* and must be denied." *Id.* Here, both the direct appeal claims and potential postconvinction claims would involve the same issue of whether Chaney's conviction should have been overturned or remanded for a new trial (on the basis of the same allegations of prosecutorial misconduct, evidentiary errors, and cumulative-effect analysis). As a result, *Knaffla* would bar Chaney's attempts to raise his previously argued state-based claims for relief as federal habeas claims. *Id.*

Nevertheless, procedural default may be avoided if exceptions to the *Knaffla* rule are present. *Murphy*, 652 F.3d at 849. "The primary exceptions to the *Knaffla* rule are where a novel legal issue is presented, or the interests of fairness require relief." *Id.* (citing *Washington v. State*, 675 N.W.2d 628, 630 (Minn. 2004)). Again, Chaney's failure to reply to Respondent's arguments that Chaney procedurally defaulted his federal claims makes this showing particularly difficult. Furthermore, the Court cannot independently discern an applicable exception under

*Knaffla. See Murphy*, 652 F.3d. at 849. As a result, the Court concludes that *Knaffla* bars Chaney's unexhausted claims. *Id.*

Because there is no identifiable exception under *Knaffla* for Chaney's procedural default to be excused, he must "demonstrate cause and prejudice for the default." *Armstrong*, 418 F.3d at 926 (internal quotation marks omitted). As described above, Chaney has not argued reasons that would demonstrate cause and prejudice for the default and this Court cannot independently identify any cause or prejudice excusing the procedural default. Consequently, Chaney's unexhausted claims are procedurally defaulted under *Knaffla. See id.*

In sum, Chaney is unable to establish that he is entitled to habeas relief for any of the grounds he asserted in his Amended Petition. As a result, the Court must recommend that Chaney's Amended Petition be denied.

## III.    CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal a denial of his petition unless he is granted a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court finds it unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Chaney's claims for federal habeas relief any differently than they have been decided here. Chaney has not identified (and the Court cannot independently discern) anything novel, noteworthy, or worrisome about this case that warrants appellate review. Therefore, the Court recommends that Chaney not be granted a COA in this matter.

## IV.    RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.    Demarcus Nasson Chaney's Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Doc. No. 20] be **DENIED**;

2.    This action be **DISMISSED with prejudice**; and

3.    If this Report and Recommendation is adopted, a COA should not issue and judgment should be entered accordingly.

Dated: November 22, 2017

*s/Steven E. Rau*
STEVEN E. RAU
United States Magistrate Judge

### Notice

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).