UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DEMARCUS NASSON CHANEY,

    Petitioner,

v.

STATE OF MINNESOTA,

    Respondent.

Case No. 16-cv-3936 (JNE/SER)
ORDER

Petitioner Demarcus Nasson Chaney was convicted in state court of two counts of first degree sexual assault and sentenced to 360 months in prison. Chaney's conviction was affirmed on direct appeal. He then brought this federal habeas action under 28 U.S.C. § 2254.

Respondent moved to dismiss Chaney's § 2254 petition, arguing that all of his claims are procedurally defaulted and, if they are not defaulted, that the claims should not be granted on the merits. In a Report and Recommendation ("R&R") dated November 22, 2017, Magistrate Judge Steven E. Rau recommended that the petition be denied. Chaney objected, and the Court has conducted a *de novo* review. *See* Local Rule 72.2(b). Based on that review, the Court agrees with the magistrate judge's recommended disposition for the reasons set forth below.

## DISCUSSION

Chaney raises three main grounds for relief in his amended habeas petition: (1) prosecutorial misconduct; (2) admission of evidence of his past burglary that unfairly prejudiced the jury; and (3) the state's failure to disclose the victim-witness advocate's notes of her communications with trial witnesses. Those claims are addressed in turn below.

### (1) Prosecutorial Misconduct Claim

Chaney did not object to the alleged prosecutorial misconduct during trial, creating a procedural bar to postconviction review. *See* Resp't App. at 158. Crucially, this bar remains in place despite the fact that the Minnesota Court of Appeals, at its own discretion, analyzed the alleged misconduct claim for plain error. *Clark v. Bertsch*, 780 F.3d 873, 876-77 (8th Cir. 2015) (holding that "the state court's discretionary plain-error review of [the petitioner's] unpreserved claims cannot excuse his procedural default. . ."). Chaney has not advanced any arguments suggesting either a cause for the default or prejudice. *See Armstrong v. Iowa,* 418 F.3d 924, 926 (8th Cir. 2005). Therefore, Chaney's prosecutorial misconduct claim is procedurally defaulted.

### (2) Other-Acts Evidence Claim

Chaney's claim that the admission of other-acts evidence deprived him of a right to a fair trial was not properly exhausted. To satisfy the exhaustion requirement, a federal claim must be fairly presented to state courts reviewing the claim. Fair presentation in this context means that the habeas petitioner must have referred to (a) "a specific federal constitutional right, a particular constitutional provision, a federal constitutional case," or

2

(b) "a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Myre v. State of Iowa*, 53 F.3d 199, 200-01 (8th Cir. 1995). Chaney presented his other-acts claim to the Minnesota Supreme Court, but did so in terms of state law. The only federal issues raised by Chaney in his state appellate briefs were his due process and fair trial rights, but merely referencing those rights does not satisfy the fair presentation requirement. *See Turnage v. Fabian*, 606 F.3d 933, 936 (8th Cir. 2010) ("It is not enough . . . to make a general appeal to a constitutional guarantee as broad as due process. . . .") (internal quotation omitted); *Thomas v. Wyrick*, 622 F.2d 411, 413 (8th Cir. 1980) (holding that the mere reference to a fair trial in a petitioner's brief to the state appellate court "was not a sufficient presentation of the federal constitutional issue."); *see also Barrett v. Acevedo,* 169 F.3d 1155, 1162 (8th Cir. 1999) ("Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement."). Accordingly, Chaney did not fairly present his other-acts claim to the state courts.

This claim is procedurally defaulted, however, under *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (Minn.1976). *Knaffla* bars collateral review in state court either when the issue was litigated on direct appeal, or when the issue should have been raised on direct appeal but was not. *Knaffla*, 243 N.W.2d at 741. Here, Chaney knew or should have known that there were federal issues that could have been presented to the state courts vis-à-vis his other-acts evidence claim, but he failed to do so. Moreover, the Court finds no evidence that either of the two *Knaffla* exceptions apply. And, as noted above,

3

Chaney has not demonstrated cause for this default. Accordingly, the other-acts claim is procedurally defaulted.

### (3) Victim-Witness Notes Claim

Chaney's claim that the state improperly failed to disclose the victim-witness advocate's notes of her communications was also not properly exhausted. Chaney's presentation of this issue to both the Minnesota Court of Appeals and the Minnesota Supreme Court was based entirely on state law. Therefore, the federal claim was not exhausted. However, this claim is *Knaffla* barred for the reasons discussed above. If there were federal issues related to the victim-witness's notes, Chaney should have raised them on direct appeal. He did not, and he has provided no cause for this default. As such, the claim is procedurally defaulted.[1]

### CONCLUSION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Respondent's motion to dismiss [ECF No. 22] is GRANTED.

---

[1] The R&R concludes that Chaney's unexhausted claims were procedurally defaulted by *Knaffla* because they were already raised on direct appeal. But Chaney did not raise the same claims on direct appeal. He raised state claims on direct appeal, not federal claims. Moreover, if Chaney had already raised the same claims on direct appeal and in his federal habeas petition (as the R&R suggests), those federal claims would *not* be *Knaffla* barred. *Knaffla* only forecloses federal habeas review of claims that should have been raised on direct appeal, but were not. *See, e.g., McCall v. Benson*, 114 F.3d 754, 757–58 (8th Cir. 1997); *Buckingham v. Symmes*, 2012 WL 3611893, at *2 (D. Minn. Aug. 21, 2012). It does not bar federal habeas review of claims that *were* raised in state court. Indeed, as the Supreme Court has made clear, the fact that a claim was litigated in state court "provides strong evidence that [it] . . . is ripe for federal adjudication." *Cone v. Bell*, 556 U.S. 449, 467 (2009); *see also Buckingham*, 2012 WL 3611893 at *2.

2. Petitioner's petition under 28 U.S.C. § 2254 [ECF No. 1] is DENIED.

3. This action is DISMISSED WITH PREJUDICE.

4. A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: March 8, 2018                                   s/ Joan N. Ericksen
                                                       JOAN N. ERICKSEN
                                                       United States District Judge